**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Andrew HERNANDEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted July 5, 2011.

Filed Feb. 21, 2012.

---

407

Jay S. Gottlieb, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney and Joan Weiner, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: SHOGAN, LAZARUS and PLATT *, JJ.

OPINION BY PLATT, J.:

Appellant, Andrew Hernandez, appeals from the judgment of sentence imposed following his conviction after waiver trial of two violations of the Uniform Firearms Act,[1] and one count of criminal conspiracy (illegal transfer of firearm).[2] Specifically, Appellant challenges the trial court's ruling that the Commonwealth properly established the *corpus delicti* of the crime. We affirm.

Following an abbreviated hearing on the Commonwealth's motion *in limine* to preclude the defense from challenging the *corpus delicti*, on which another Common Pleas Court judge had already ruled, the court accepted the Commonwealth's proposal to begin trial with leave for defense counsel to object to the *corpus delicti* as the trial ensued. (*See* N.T. Motion, 12/03/09, at 5–6). After a colloquy, the court accepted Appellant's waiver of his right to a jury trial, and proceeded immediately to a bench trial. (*See id.* at 9–10).

Appellant's counsel stipulated to almost all of the facts of the case.[3] On December 31, 2007, Appellant purchased a Colt .38 revolver. About four months later, late on the evening of April 25, 2008, Philadelphia Police Officer Brian Smith stopped a vehicle at the intersection of A Street and Allegheny Avenue for speeding. The driver explained he was taking a passenger, Omar Hayari, who had shot himself in the hand, to the hospital. The police obtained a search warrant, and found the weapon, a Colt .38 revolver, in the vehicle. Subsequently, Detective Akins [4] arrested Mr. Hayari for possession of the firearm. (*See id.* at 13–14). The police traced the weapon and determined that it was the revolver purchased in December by Appellant.

At this point counsel for Appellant objected that no *corpus* had been proven. (*See id.* at 15). The court denied the objection based on independent evidence of the crime and under the closely related crimes exception. (*See id.* at 17).

The parties further stipulated that Appellant gave a statement to Detective Diaz.[5] Previously, at the preliminary hearing, it was noted without objection that

---

* Retired Senior Judge assigned to the Superior Court.

1. 18 Pa.C.S.A. § 6111 (sale or transfer of firearms), and 18 Pa.C.S.A. § 6115 (loans on, or lending or giving firearms prohibited).

2. 18 Pa.C.S.A. § 903.

3. (*See* N.T. Motion, 12/03/09, at 10).

4. No first name is given. Akins is possibly a misspelled reference to Detective Larry Aitken. (*See* N.T. Preliminary Hearing 6/19/07, at 5–6; *see also* Commonwealth's Brief, at 2).

5. No first name is given. At the preliminary hearing, Detective Nicholas Via testified that he took Appellant's statement. (*See* N.T. Preliminary Hearing, 6/19/07, at 8–9). The badge number given in both instances, 9184, is the same. In its brief, the Commonwealth identifies the interviewing officer as Detective Nicholas Via. (*See* Commonwealth's Brief, at 2).

Appellant was advised of and waived his *Miranda* rights before giving the statement. (*See* N.T. Preliminary Hearing, 6/19/07, at 9–10). In the statement, Appellant told the detective that about four hours after he purchased the firearm, he gave it to "Mike Carrol."[6] (*See* N.T. Motion, 12/03/09, at 17–18). Appellant qualified this answer by adding that Mr. Carrol asked to see the weapon, and Appellant gave it to him to hold, but Carrol would not give it back. (*See* N.T. Motion, at 18–19). Appellant denied taking any money for the firearm. (*Id.* at 20).

After brief argument, the defense rested without calling any witnesses. The trial court found Appellant guilty of the three charges already noted. The court accepted defense counsel's request that sentencing be combined with other outstanding charges, and subsequently sentenced him to an aggregate term of incarceration of time served to twenty-three months followed by four years' probation. (*See* Trial Court Opinion, 1/06/11, at 1). Appellant timely appealed on January 7, 2010.[7] Appellant also timely filed a court ordered statement of errors pursuant to Pa.R.A.P. 1925(b).

Appellant raises one question for our review:

Did the [h]onorable [t]rial [c]ourt err when it found that the Commonwealth had established a corpus when none existed and subsequently when the [c]ourt admitted [Appellant's] [o]ut of [c]ourt statement and all where the Commonwealth could not establish a corpus at any level?

(Appellant's Brief, at 3.).

Appellant argues that the trial court improperly admitted his statement "although there was no corpus" because the Commonwealth did not establish "the requisite criminality for the admission of the statement[.]" (Appellant's Brief, at 6). We disagree.

▆▆▆ At the outset we note that Appellant has failed to provide a statement of either the scope of review or the standard of review. *See* Pa.R.A.P. 2111(3). Our standard of review for a challenge to the *corpus delicti* rule is well-settled.

The *corpus delicti* rule is designed to guard against the "hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed." The *corpus delicti* rule is a rule of evidence. Our standard of review on appeals challenging an evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion. The *corpus delicti* rule places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted. The *corpus delicti* is literally the body of the crime; it consists of

---

6. In Appellant's brief, he states that he "was aware that Mr. Carrol had a prior arrest record." (Appellant's Brief, at 5). However, at the motion hearing, the prosecutor read into the record the stipulated statement; at the question, "[W]ere you aware that Michael had a prior arrest record and is prohibited from possessing a firearm?" the answer "Yes" was crossed out, and in Appellant's handwriting "no" was entered. (*See* N.T. Motion, 12/03/09, at 19). At the preliminary hearing the Commonwealth established that Michael

Carrol (spelled as Carroll) was ineligible to possess because of prior convictions for possession of an instrument of crime and intimidation of a witness. (*See* N.T. Preliminary Hearing, 6/19/07, at 19).

7. The court subsequently entered an order which authorized immediate parole to house arrest with electronic monitoring. (*See* Order, Modification of Sentence, 1/14/10, at 1).

proof that a loss or injury has occurred as a result of the criminal conduct of someone. The criminal responsibility of the accused for the loss or injury is not a component of the rule. The historical purpose of the rule is to prevent a conviction based solely upon a confession or admission, where in fact no crime has been committed. The *corpus delicti* may be established by circumstantial evidence. Establishing the *corpus delicti* in Pennsylvania is a two-step process. The first step concerns the trial judge's **admission** of the accused's statements and the second step concerns the fact finder's **consideration** of those statements. In order for the statement to be admitted, the Commonwealth must prove the *corpus delicti* by a preponderance of the evidence. In order for the statement to be considered by the fact finder, the Commonwealth must establish the *corpus delicti* beyond a reasonable doubt.

*Commonwealth v. Young*, 904 A.2d 947, 956 (Pa.Super.2006), *appeal denied*, 591 Pa. 664, 916 A.2d 633 (2006), (quoting *Commonwealth v. Rivera*, 828 A.2d 1094, 1103–04, n. 10 (Pa.Super.2003) *appeal denied*, 577 Pa. 672, 842 A.2d 406 (2004)) (internal quotation marks omitted) (emphasis in original).

■ Additionally,

The *corpus delicti* rule is an evidentiary one. On a challenge to a trial court's evidentiary ruling, our standard of review is one of deference.

The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law,

or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Herb*, 852 A.2d 356, 363 (Pa.Super.2004) (citations omitted).

■ In this case, preliminarily, we agree with the trial court that Appellant's claim is waived for failure to specify the error alleged. (*See* Trial Ct. Op., at 2, citing *Commonwealth v. Rolan*, 964 A.2d 398, 409–10 (Pa.Super.2008)). The entire assertion of error made in the Rule 1925(b) statement is as follows: "The trial court erred in ruling that the Commonwealth had proved corpus delicti beyond a reasonable doubt." (Statement of Matters [sic] Complained of Pursuant to Rule of Appellate Procedure 1925(b), 9/29/10).[8] *See Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275, 2011 Pa. Lexis 2699 (Pa. filed Nov. 9, 2011) ("[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised.") (citation and internal quotation marks omitted). Appellant's claim is waived. Moreover, Appellant's claim would not merit relief.

■ Appellant's issue also fails because the record confirms that the trial court's acceptance of the Commonwealth's evidence as meeting the *corpus delicti* rule followed the previous ruling of another common pleas court judge. (*See* N.T. Motion, 12/03/09, at 5), (referring to prior decision of Judge Palumbo). By applying the previous ruling, the trial court was

---

**8.** Appellant has failed to comply with our Rules of Appellate Procedure by omitting a copy of the statement of errors from his brief. *See* Pa.R.A.P. 2111(a)(11).

merely following the law of the case, an aspect of the coordinate jurisdiction rule.

"[J]udges of coordinate jurisdiction sitting in the same case should not overrule each other['s] decisions. This rule, known as the coordinate jurisdiction rule, is a rule of sound jurisprudence based on a policy of fostering the finality of pretrial applications in an effort to maintain judicial economy and efficiency." *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1331 (1995) (citations and internal quotation marks omitted).

Departure from either the coordinate jurisdiction rule or the law of the case doctrine is allowed only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed. *Rolan, supra* at 405 (Pa.Super.2008), (citing *Starr, supra* at 1332).

Here, Appellant does not claim a change in the law, facts or evidence, or develop an argument that the prior decision would create a manifest injustice.[9] The trial court properly followed the coordinate jurisdiction rule and the law of the case.

Additionally, the argument in Appellant's brief fails to develop and support a claim that the trial court misapplied the analysis process. Appellant properly cites *Commonwealth v. Bullock*, 868 A.2d 516, 527 (Pa.Super.2005), *affirmed*, 590 Pa. 480, 913 A.2d 207 (2006), *cert. denied*, 550 U.S. 941, 127 S.Ct. 2262, 167 L.Ed.2d 1103

(2007), for the two-step process to apply the *corpus delicti* rule. (*See* Appellant's Brief, at 8). However, in purporting to apply that process in this case, counsel for Appellant merely "takes the position that the Commonwealth never established the requisite criminality for the admission of the statement[.]" (*Id.*). After conceding that the evidence could have been properly admitted under the preponderance of the evidence standard, the brief presents the bald assertion that the trial court should not have considered the statement because there was no "proof of corpus beyond a reasonable doubt[.]" (*Id.*). Appellant offers no pertinent caselaw or other authority in support of this position. (*See id.* at 8–10). Accordingly, Appellant's argument would be waived for this reason as well. *See* Pa.R.A.P. 2119(b); *see also Bombar v. West Am. Ins. Co.*, 932 A.2d 78, 93 (Pa.Super.2007) (failure to develop argument with citation to and analysis of relevant authority waives issue on appeal).

Moreover, the claim would not merit relief. For the first step, the evidence need only "be **more** consistent with a crime than with an accident." *Commonwealth v. McMullen*, 745 A.2d 683, 688 (Pa.Super.2000), *appeal denied*, 563 Pa. 700, 761 A.2d 549 (2000) (emphasis in original citation) (quoting *Commonwealth v. McMullen*, 545 Pa. 361, 681 A.2d 717, 722 (1996)); *see also Commonwealth v. Dupre*, 866 A.2d 1089, 1098 (Pa.Super.2005), *appeal denied*, 583 Pa. 694, 879 A.2d 781 (2005), (following *McMullen*). Here, the Commonwealth's evidence established that Mr. Hayari shot himself with a firearm

---

**9.** Any claim that the prior holding in the Court of Common Pleas was clearly erroneous or would create a manifest injustice is also waived, as Appellant has failed to include in the certified record the notes of the previous hearing, or develop an argument about that ruling. The certified record does include a transcript of the preliminary hearing in the Philadelphia Municipal Court. There, defense counsel also objected to the absence of the *corpus delicti*. (*See* N.T. Preliminary Hearing, 6/19/07, at 10). The Municipal Court Judge, Hon. David C. Shuter, also rejected the challenge. (*See id.* at 11).

registered to Appellant. Appellant had never reported the weapon to be lost or stolen. There was no abuse of discretion in the trial court's finding that the evidence presented was more consistent with a crime than with accident.

Also, Appellant, through counsel, incorrectly asserts in the brief that the trial court mis-cited the requirements of 18 Pa. C.S.A. § 6111. (*See* Appellant's Brief, at 9). First, Appellant fails to cite to the place in the record where the matter referred to appears, in violation of Pa.R.A.P. 2119(c). Secondly, Appellant misapprehends the requirement of section 6111, which in pertinent part addresses the eligibility of purchasers or transferees, not licensure. Contrary to Appellant's unsupported assertion, section 6111 expressly provides for sale to an unlicensed person, albeit under prescribed conditions. *See* 18 Pa.C.S.A. § 6111(c).

Similarly, Appellant claims there was "no evidence that [Appellant] gave the gun to anyone." (Appellant's Brief, at 9). Appellant disregards our standard of review, which provides that the *corpus delicti* may be established by circumstantial evidence. *See Young, supra.* Furthermore, Appellant relies on the unsupported speculation that "[t]he gun could have been stolen." (Appellant's Brief, at 9). To the extent that Appellant's argument challenges the sufficiency of the evidence, we note that our standard of review for such claims is also limited: "The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Otterson,* 947

A.2d 1239, 1249 (Pa.Super.2008), *appeal denied,* 598 Pa. 774, 958 A.2d 1047 (2008), *cert. denied,* — U.S. ——, 129 S.Ct. 2402, 173 L.Ed.2d 1297 (2009), (quoting *Commonwealth v. McCall,* 911 A.2d 992, 996 (Pa.Super.2006)). Appellant's insufficiency argument fails because we review the evidence considered by the trial court in the light most favorable to the Commonwealth.

 Additionally, under the closely related crimes exception to the *corpus delicti* rule, where a defendant's confession relates to separate crimes with which he is charged, and where independent evidence establishes the *corpus delicti* of only one of those crimes, the confession may be admissible as evidence of the commission of the other crimes as well. *See Otterson, supra; see also Commonwealth v. Taylor,* 574 Pa. 390, 831 A.2d 587, 595–96 (2003) (holding closely related crimes exception does not require that crimes share common element).[10]

In this case, Appellant was charged with three closely related crimes: sale or transfer of a firearm, criminal conspiracy (illegal transfer of a firearm), and lending or giving of firearms prohibited. The stipulations and evidence established that the victim was in possession of (and shot himself with) a handgun that was registered to Appellant, which was not reported lost or stolen. Therefore, the Commonwealth established the *corpus delicti* of at least one of the crimes charged, lending or giving of firearms prohibited. The closely related crimes exception applied, and the evidence was properly admitted. As in *Taylor,* "[t]he confession and independent evidence presented by the Commonwealth are sufficient to overcome the danger of a convic-

---

**10.** This exception applies where the relationship between the crimes is sufficiently close so as to ensure that the purpose underlying

the *corpus delicti* rule, i.e., to prevent conviction where no crime has occurred, is not violated. *See Taylor, supra.*

tion where no crime was in fact committed." *Taylor, supra* at 596.

Here, once the court properly admitted the statement, under the closely related crimes exception, it was entitled to conclude beyond a reasonable doubt that a crime had occurred. *See Otterson, supra, Taylor, supra; see also Young, supra* at 957 n. 9 (Pa.Super.2006) (statement made after receiving *Miranda* warnings by appellant to police officer to explain his actions admissible despite challenge to *corpus delicti* rule), (citing *Commonwealth v. Ogrod,* 576 Pa. 412, 839 A.2d 294, 320 (2003), *cert. denied,* 543 U.S. 1188, 125 S.Ct. 1395, 161 L.Ed.2d 192 (2005)).

Appellant's claim is waived. Moreover, we conclude that the trial court properly applied the law of the case and the coordinate jurisdiction rule. We find no basis for concluding that the trial court misapplied the two-step analysis of the *corpus delicti* rule. Under our deferential standard of review, we conclude the court did not abuse its discretion in ruling that the Commonwealth established the *corpus delicti.*

Judgment of sentence affirmed.

SHOGAN, J., files a Dissenting Opinion.

## DISSENTING OPINION BY SHOGAN, J.:

Although the Majority does a very thorough job of analyzing whether the *corpus delicti* was proven in this case, I cannot infer from the evidence adduced that the Commonwealth met both its burdens of proof. Moreover, I fail to see how the trial judge's ruling can alternatively be affirmed under the coordinate jurisdiction rule or law of the case based simply on a pre-trial ruling on the admissibility of Appellant's statement. I also do not agree that the closely related crimes exception applies under the specific facts of this case. Accordingly, I respectfully dissent.

In this case, as the Majority correctly establishes, the evidence at trial absent Appellant's inculpatory statement was: 1) Officer Brian Smith pulled over a vehicle on a Philadelphia street; 2) the driver explained that the passenger, Omar Hayari, shot himself in the hand with a gun; 3) the gun was purchased by Appellant; and 4) Hayari was charged with possessing a firearm without a license. Majority Opinion, at 409–10. No evidence was introduced, either pre-trial or at trial, that Hayari was convicted of possessing a firearm without a license, nor was a Certificate of Non-Licensure introduced to demonstrate that Hayari had no right to carry a firearm in public. As asserted by Appellant, the Commonwealth did nothing to establish that Hayari was not, in fact, licensed to receive the firearm. Further, although Appellant did stipulate that a statement was taken, he did not stipulate to its contents or admission as the Majority opinion may suggest. Specifically, he did not stipulate that the firearm was not lost or stolen.

As a preliminary matter, I disagree with the Majority's conclusion that Appellant's claim is waived for failure to specify the error alleged. Majority Opinion, at 411. I recognize that Rule 1925(b) statements are crucial to the appellate process in that they are intended to aid the trial court in identifying and addressing the merits of the issues to be raised on appeal. Indeed, "[w]hen the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *See Commonwealth v. Smith,* 955 A.2d 391, 393 (Pa.Super.2008) (*en banc*) (quoting *Commonwealth v. Lemon,* 804 A.2d 34, 37 (Pa.Super.2002) (concluding the following 1925(b) statement sufficient for appellate review: "As stated in the Commonwealth's

motion for reconsideration, did the lower court err in dismissing all charges against the defendant?")). In *Smith,* we concluded that where the trial court is capable of filing a meaningful opinion, our appellate review could proceed unhindered. *Id.* While I am unsure of the quantum of additional information the Majority requires, the trial court overlooked its own concerns regarding Appellant's 1925(b) statement and addressed the merits of Appellant's sole issue on appeal. Likewise, the Majority commits four pages towards analyzing an issue it otherwise deems waived for vagueness. Majority Opinion, at 412–14. Accordingly, I cannot agree that Appellant waived the single issue before us, namely, whether the trial court erred in concluding the Commonwealth met its burden of proof in establishing the *corpus delicti* in this case.

I also cannot concur that Appellant's claim of error fails because of the coordinate jurisdiction rule and the law of the case doctrine. The Majority overlooks both the procedural posture of the case and the Commonwealth's agreement to have the *corpus* proven at trial.

First of all, I must agree with Chief Justice Castille that the application of the *corpus delicti* rule in Pennsylvania is problematic in that it "creates confusion for the jury [or judge in a non-jury trial] as factfinder and is difficult for the trial courts to enforce." *Commonwealth v. Persichini,* 558 Pa. 449, 453, 737 A.2d 1208, 1210–1211 (1999) (Opinion in Support of Affirmance). The specific problem he identifies is "having the jury [or judge in a non-jury trial], in a single proceeding, make an initial determination about whether the Commonwealth has established beyond a reasonable doubt that a crime has occurred before it, at least theoretically, considers separately the defendant's inculpatory extrajudicial statements as evi-

dence." *Id.* at 453, 737 A.2d at 1211. Chief Justice Castille further notes that to have a judge "first find that the *corpus delicti* has been found beyond a reasonable doubt before the statement could be presented to the jury [or judge in a non-jury trial]" would "unduly interfere with the jury's [or judge's in a non-jury trial] role as finder of fact and should not be condoned." *Id.* at 454, 737 A.2d at 1211.

Despite these concerns and as acknowledged by the Commonwealth, the *corpus delicti* remains a rule of evidence that is to be applied in two phases under Pennsylvania law:

> The first involves the threshold question of the admissibility of the confession. In this phase, the court must determine whether the Commonwealth has proven the corpus delicti of the crimes charged by a mere preponderance of the evidence. If the court is satisfied that, on the evidence present, it is more likely than not that a wrong has occurred through criminal agency, then the accused's confession/admission is admissible. The second phase occurs after the confession has been admitted; the Commonwealth must additionally prove the **corpus to the factfinder's satisfaction** beyond a reasonable doubt.

Commonwealth's Brief at 7 n. 5 (citing *Commonwealth v. Reyes,* 545 Pa. 374, 382, 681 A.2d 724, 727–28 (1996)) (emphasis added).

Since Appellant waived his right to a jury trial, the factual findings were made by the trial court. At the time of the preliminary hearing and pre-trial, the Municipal Court judge and Judge Palumbo were tasked with deciding whether the statement could be **admitted** under the **preponderance of evidence** standard. During trial, however, the court necessarily had to decide whether, in its role as fact-finder, it could **consider** the statement

in making a factual determination of guilt.[1] The trial court as fact-finder could not consider the statement in determining whether Appellant committed the crime until the Commonwealth established **beyond a reasonable doubt** that the circumstances surrounding the alleged crime were more consistent than not with a loss or harm having resulted from criminal activity. Though the pre-trial and trial courts were considering the same statement, they did so for differing reasons, bearing differing consequences and imposing different burdens of proof on the Commonwealth. Accordingly, the trial court's decision at trial would not have interfered with the conclusion reached pre-trial. Therefore, the concurrent jurisdiction rule is not implicated. Were it otherwise, there would be no way to ascertain whether the Commonwealth has met its greater burden for establishing *corpus delicti* for purposes of the **fact-finder's** consideration. Thus, the coordinate jurisdiction rule and law of the case doctrine cannot be applied to the second prong of the test for establishing the *corpus delicti*.

I also note that the Commonwealth agreed that the *corpus delicti* would be proven at trial, as evidenced by the following exchange immediately prior to trial:

THE COURT: This is not a motion to suppress?

[THE COMMONWEALTH]: It's a motion in laminae to establish corpus. It's the Commonwealth's position that this issue is in front of Judge Palumbo, Judge Palumbo ruled that corpus did exist, and that the matter should be held for Court. Which is essentially the same standard in which Your Honor will be deciding as to corpus. So, therefore, I don't think it would be appropriate for counsel to raise that objection at trial. Should Your Honor believe that that is still a viable defense, the Commonwealth would present some evidence, as well as argument again.

THE COURT: Mr. Gottlieb, what I don't understand is, if a Common Pleas court judge ruled on the issue of corpus, why do I need to rule on that again?

[TRIAL COUNSEL]: Because it is, even though it may not have been a reasonable standard, it's still part of the defense to what the Commonwealth presents in its case in chief, and the last words as I remember of Judge Palumbo was there is enough here on the corpus issue to establish a prima facie case. This is a matter for the defense, which I always believe that with the corpus the defense is never given up and it would be our argument, and we're going to stipulate to almost every piece of testimony that the district attorney will present.

THE COURT: This is the question, is the standard for corpus, is it a prima facie?

[THE COMMONWEALTH]: Your Honor, just in abundance of caution, **I will just proceed to trial. Counsel can make the appropriate objection that he feels fit.**

**THE COURT: And you will need to establish with corpus,** what is the standard? I don't have it in front of me.

[THE COMMONWEALTH]: I believe it's preponderance of the evidence.

[TRIAL COUNSEL]: I don't think I disagree with that. I'm just trying to get all the law that I put together for the last argument.

---

1. Consequently, the fact that the notes of testimony from the pre-trial proceedings before Judge Palumbo in Motions Court are missing from the certified record is not dispositive of whether or not the *corpus delicti* was established at trial.

THE COURT: It's a much lower standard as to whether a crime has been committed.

[THE COMMONWEALTH]: The Commonwealth would argue that, despite the standard, **I would think that the Commonwealth will be able to prove beyond a reasonable doubt that corpus exists as well, that's my position.**

THE COURT: Then let's go straight to the colloquy.

N.T. Trial, 12/03/09, at 4–6 (emphasis added). The trial court subsequently confirmed this agreement when she stated to Appellant's counsel, "I understand. So really this is about corpus for you?" and later ruled the corpus had been proven. *Id.* at 10, 17. The foregoing exchange reflects the Commonwealth's concession to a review of the evidence supporting the *corpus* in order for the court to decide whether it could consider the statement before making a factual determination of guilt.

The Majority next challenges Appellant's brief noting his proper citation to relevant caselaw[2] then states Appellant "conced[es] that the evidence could have been properly admitted under the preponderance of evidence standard. . . ." Majority Opinion, at 412. Notwithstanding Appellant's reliance on caselaw expressing a rule of law which he believes the trial court failed to follow, the Majority concludes he failed to cite to supporting authority. I disagree. First, I observe that Appellant makes no such concession regarding the admissibility of his inculpatory statement. On the contrary, Appellant merely raises a hypothetical in support of his greater claim of error, stating ". . . and even *if* the statement was properly admitted, there is not

proof of corpus beyond a reasonable doubt and hence, the Court, sitting as fact-finder, should not have considered the statement." Appellant's Brief at 8 (emphasis added). Appellant then dedicates the next two pages of his brief to a discussion as to how the evidence adduced at trial failed to meet the standard set forth in *Bullock.* Therefore, I cannot conclude that Appellant's claim is waived for failure to offer authority in support of his position.

Regarding the merits of Appellant's issue on appeal, the Majority concludes the Commonwealth met its initial burden to prove *corpus delicti* by a preponderance of the evidence because its evidence was "more consistent with a crime than with accident." Majority Opinion, at 412. In support of this conclusion, the Majority relies on evidence that Hayari shot himself in the hand with a gun registered to Appellant and that the Appellant never reported the weapon lost or stolen. *Id.*

Nothing on those facts alone suggests a crime in this Commonwealth. No matter how careless, it is not a crime to shoot oneself in the hand with a firearm. Furthermore, that fact, standing alone, suggests to me an accidental occurrence. Without more, the fact that the gun was owned by Appellant is not dispositive of a crime. I recognize that two weeks before Hayari's shooting, the city of Philadelphia enacted its "Lost or Stolen Gun Ordinance." Notably, the ordinance requires "gun owners to report their lost or stolen firearms to law enforcement officials **within twenty-four hours after discovery** of the loss or theft." *National Rifle Ass'n v. City of Philadelphia,* 977 A.2d 78, 79 (Pa. Cmwlth.2009) quoting Bill No. 080032–A

---

**2.** Majority Opinion, at 412 (citing *Commonwealth v. Bullock,* 868 A.2d 516, 527 (Pa.Super.2005), *affirmed,* 590 Pa. 480, 913 A.2d 207 (2006), *cert. denied,* 550 U.S. 941, 127 S.Ct. 2262, 167 L.Ed.2d 1103 (2007)).

(emphasis added). Here, there is simply a lack of evidence that the gun was impermissibly sold, loaned, stolen or lost without Appellant's statement. Moreover, there is no evidence that if the gun were stolen or lost, Appellant had known or discovered that it was stolen or lost. There is no evidence in the record explaining when or how the gun left Appellant's possession or how Hayari came to possess it, let alone an explanation proving criminality. Although there was evidence that Hayari was charged with possessing a firearm without a license, there was no evidence in the form of a Certificate of Non–Licensure which would indicate Hayari was not entitled to carry a firearm, nor is there evidence in the form of a conviction for that offense or otherwise that Hayari did not have a license. While one can draw an inference from evidence adduced that a situation is more likely a crime than an accident, one can infer neither a crime nor accident in the absence of evidence suggesting one or the other. Such a conclusion is merely speculation. For example, the Majority is not persuaded by what it characterizes as Appellant's "unsupported speculation that '[t]he gun could have been stolen.'" Majority Opinion, at 413. However, **absent Appellant's inculpatory statement,** there is similarly no evidence that the gun was illegally loaned. All possibilities, criminal and otherwise, remain equally plausible until the Commonwealth meets its burden of proof that a crime took place. *See Commonwealth v. Reyes,* 545 Pa. 374, 381–382, 681 A.2d 724, 727 (1996) (holding that while evidence establishing *corpus delicti* is sufficient, though it may also be supportive of an accident, such evidence is insufficient "if it is merely *as* consistent with an accident as with a crime") citing *Commonwealth v. Byrd,* 490 Pa. 544, 556, 417 A.2d 173, 179 (1980).

I further note that while the Majority correctly concludes the Commonwealth may establish *corpus delicti* by circumstantial evidence, it must nevertheless do so, initially, by a preponderance of the evidence and ultimately must establish *corpus delicti* beyond a reasonable doubt in order for the fact-finder to consider Appellant's inculpatory statement. As I have noted above, it was incumbent upon the trial court, at the time of trial, to determine whether the Commonwealth had established *corpus delicti* beyond a reasonable doubt before it could consider Appellant's inculpatory statement. Again, absent Appellant's inculpatory statement, the only evidence at trial is the fact that Hayari shot himself in the hand with a gun that was not his. Without evidence remotely suggesting how he came to possess the gun, I discern no illegality on these facts alone. Certainly, there is no circumstantial evidence from which one could infer beyond a reasonable doubt that a crime had been committed. Focused squarely on the facts, excluding the inculpatory statement, I am constrained to conclude the trial court abused its discretion in considering Appellant's inculpatory statement.

I also do not agree with the Majority that the closely related crimes exception to the *corpus delicti* rule applies under the specific facts of this case. The Majority properly articulates the standard for the application of the exception. Majority Opinion, at 413. Specifically, where the defendant's inculpatory statement relates to several crimes and "[u]nder those circumstances where the relationship between the crimes is sufficiently close so that the introduction of the statement will not violate the purpose underlying the corpus delicti rule, the statement of the accused will be admissible as to all the crimes charged." *Commonwealth v. Taylor,* 574 Pa. 390, 401, 831 A.2d 587, 593 (2003).

Here, the Majority concludes specifically that the Commonwealth established the *corpus* with respect to the prohibition against lending or giving of firearms. Majority Opinion, at 413. Based on that conclusion, the Majority then opines that the closely related crimes exception applied to permit the consideration of Appellant's statement in the fact-finder's determination of guilt. However, as I have noted above, there is simply no independent evidence, circumstantial or otherwise, that the gun was impermissibly sold, loaned, stolen or lost.

Last, I note that the Majority discusses whether evidence was sufficient to support the judgment. However, Appellant makes no argument challenging the sufficiency of the evidence supporting the judgment. The thrust of his argument is that there was no evidence suggesting a crime which would thereby establish *corpus delicti* and therefore permit the admission and consideration of his inculpatory statement. Therefore, I am of the opinion that we need not engage in this line of analysis and respectfully dissent.

