**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL STUART JONES | : | |
| | : | |
| Appellant | : | No. 1562 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 24, 2018
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0006879-2017

BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.:                **FILED OCTOBER 23, 2019**

Appellant, Daniel Stuart Jones, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following his jury trial conviction of simple assault and bench trial conviction of harassment.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On October 11, 2017, Appellant was staying with his friend of 25 to 30 years, Mark Sipe, and helping him work on odd jobs at the time.  After work one day, Appellant and Mr. Sipe returned to Mr. Sipe's house, drank beer and cooked dinner.  Later that evening, Mr. Sipe's neighbor Dan Brown joined them. After Mr. Brown stepped onto the porch to smoke a cigarette, a dispute arose

---

[1] 18 Pa.C.S.A. § 2701(a)(1) and § 2709(a)(1), respectively.

regarding money Appellant claimed Mr. Sipe owed him. Mr. Sipe said that he could pay Appellant the following day, but Appellant wanted his payment immediately. As a result, Appellant struck Mr. Sipe in the face eight times. Mr. Brown witnessed some of the altercation. Mr. Sipe did not respond to Appellant physically or verbally while Appellant punched him. Mr. Sipe then contacted the police, and Officer Matthew Berry arrived a few minutes later. Officer Berry indicated that Appellant appeared intoxicated and had blood on his knuckles.

On July 20, 2018, a jury convicted Appellant of simple assault. During the recess after the Commonwealth rested, but before the defense presented its case, a juror sent a note to the court stating that the juror had been in the elevator with Mr. Sipe, who appeared intoxicated. According to the juror, after Mr. Sipe left the elevator, two other unidentified occupants of the elevator commented that Mr. Sipe appeared intoxicated. The Commonwealth requested a mistrial, which the court denied, and the court cured the situation by removing the juror and using an alternate.

Defense counsel sought to call Appellant to testify that Mr. Sipe was intoxicated on the witness stand, which Appellant claimed he could testify about, based on knowing Mr. Sipe for 25 to 30 years. The court barred Appellant's proffered testimony and noted that the court, defense counsel and the Commonwealth had not observed any *indicia* of intoxication when Mr. Sipe was on the stand. Furthermore, defense counsel had the opportunity to

question Mr. Sipe's recollection of the attack on cross-examination.

On August 24, 2018, the court sentenced Appellant to 6 days to 2 years minus 2 days imprisonment for simple assault, merging the harassment conviction for sentencing purposes. Appellant timely filed a post sentence motion on August 30, 2018, which the court denied on September 4, 2018. On September 18, 2018, Appellant timely filed a notice of appeal. The court ordered a Rule 1925(b) statement on September 19, 2018, which Appellant timely filed on October 12, 2018.

Appellant now raises one issue for review:

> THE TRIAL COURT ERRED IN LIMITING APPELLANT'S DIRECT TESTIMONY AS TO HIS OBSERVATIONS THAT THE VICTIM ATTENDED TRIAL INTOXICATED. APPELLANT WAS A LAY WITNESS COMPETENT TO RENDER SUCH AN OPINION PURSUANT TO PA.R.E. 701. THE TESTIMONY WAS RELEVANT TO THE VICTIM'S RECOLLECTION AND ACCURACY OF HIS TESTIMONY DURING TRIAL AND WENT DIRECTLY TO HIS CREDIBILITY. BY LIMITING THE TESTIMONY, THE TRIAL COURT USURPED THE FUNCTION OF THE JURY TO DETERMINE WHETHER THE VICTIM WAS INTOXICATED WHEN HE TESTIFIED AND WHETHER SUCH INTOXICATION AFFECTED HIS CREDIBILITY.

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Craig T. Trebilcock, we conclude Appellant's issue merits no relief. The trial court opinion properly disposes of the question presented. (*See* Trial Court Opinion, dated April 25, 2019, at 2-5) (finding: Appellant was free to attack Victim's recollection of assault on cross-examination; at no point during cross-

- 3 -

examination of Victim did Appellant question Victim about whether he was intoxicated at trial; Appellant made no mention of his belief that Victim might be intoxicated, until a juror brought it to court's attention; neither Commonwealth nor defense counsel raised issue of Victim's alleged intoxication during his testimony; court did not observe any behavior while Victim was on stand, to raise alarm that Victim might be in altered state or incompetent to testify; Victim exhibited no signs of forgetfulness or issues with recollection of events in question while testifying; Appellant's proffered opinion testimony of Victim's alleged intoxication would not have been helpful, would likely have confused and misled jury, and was irrelevant to issues being litigated; even if intoxication testimony was marginally relevant to Victim's credibility, evidence was inadmissible under Pa.R.E. 403, as proposed testimony sought to sway jury to decide case on improper basis; Appellant was not in close proximity to Victim on day of trial to detect any odor of alcohol on Victim; Appellant based his opinion solely on juror's assessment, and then belatedly and incredibly claimed Appellant could determine Victim's intoxication based on Appellant's own observations of Victim; jury was free to make observations of Victim's behavior on witness stand; court observed zero indication that Victim was intoxicated while testifying and attributes juror's perception to error).  Accordingly, we affirm based on the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/23/2019</u>

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

| | | |
|---|---|---|
| **COMMONWEALTH** | : | |
| | : | |
| v. | : | **NO. CP-67-CR-6879-2017** |
| | : | |
| **DANIEL JONES,** | : | |
| **Defendant/Appellant** | : | |

COUNSEL OF RECORD:

James Zamkotowicz, Esquire        Anthony Tambourino, Esquire
Counsel for the Commonwealth       Counsel for Defendant

## OPINION IN SUPPORT OF ORDER PURSUANT TO RULE 1925(a) OF THE RULES OF APPELLATE PROCEDURE

### I. Introduction

The Defendant has timely appealed to the Superior Court of Pennsylvania from his convictions for Simple Assault and Harrasment. The Court directed the Defendant to file a Pa. R.A.P. 1925(b) statement ("Statement"), and he has done so. In his Statement, the Defendant challenges his conviction, arguing that the Court erred in limiting the Defendant's direct testimony that the victim attended the trial intoxicated. After carefully reviewing the Statement, record, and governing law, the Court finds the Defendant's arguments lack merit. The Court therefore urges affirmance of the judgment of sentence.

## II. Background

### *Trial and Sentencing*

The Defendant's was convicted by jury verdict of simple assault against Mark Sipe, and found guilty by the Court of the summary offense of harassment for his actions against Mr. Sipe on July 20th, 2018. During the trial, the Court was given a note by one of the jurors that they were on an elevator with the victim prior to the victim testifying. After the victim got off of the elevator, two other unknown occupants of the elevator remarked that the victim appeared intoxicated. (Notes of Testimony, 7/20/18 at 118). The Commonwealth requested a mistrial which the Court denied, and the Court cured the situation by dismissing the juror in question and seating the alternate juror. (N.T. at 124). At this point, the Defendant requested to be able to testify on direct that based upon his knowledge of the victim, he believed the victim was intoxicated during the victim's testimony, which the court denied. (N.T. at 126). The Defendant was sentenced to 6 days to 2 years minus 2 days incarceration at the York County Prison, with the harassment charge merging for sentencing purposes.

The Defendant timely filed notice of appeal, and then submitted his Statement as directed.

## III. Matters Complained of on Appeal

In his Statement, the Defendant argues that the Court erred in limiting his direct testimony as to his observations that the victim, Mark Sipe, was intoxicated during his testimony at the trial. (Statement at 1.) For the following reasons, neither of these arguments is persuasive.

2

The Defendant argues that while he is a lay person, because he has known the victim for 25 to 30 years, under Pa.R.E. 701he could properly assess whether or not the victim was intoxicated during his testimony. The standard of review of a trial court's evidentiary ruling is whether the trial court abused its discretion. *Commonwealth v. Hernandez*, 39 A.3d 406 (Pa.Super. 2012). If a trial court decides that proffered lay opinion would not be helpful, or even if helpful, would confuse, mislead, or prejudice the jury, or would waste time, the court may exclude it. *Ratti v. Wheeling Pittsburgh Steel Corp.*, 758 A.2d 695, 708 (Pa.Super. 2000).

The Defendant was free to attack the recollection of the victim-witness on cross examination. At no point during the cross examination of the victim did the Defendant question the victim if he was currently intoxicated. The Defendant made no mention of the fact that he believed that the victim was intoxicated during the victim's testimony until it was brought up during the Court's handling of the situation with the juror who shared the elevator with the victim in those close quarters. (N.T. at 126). Neither the Commonwealth nor the defense counsel raised issue with the victim's competency with respected to intoxication during his testimony, nor did the Court observe any behaviors by the victim while on the stand to raise alarm that he might have been in an altered state or incompetent to testify. The victim exhibited no signs of forgetfulness or issues with recollection of the events in question while testifying to them on the witness stand. (N.T. at 78-96).

The proffered opinion testimony by the Defendant that the victim was intoxicated on the stand would not be helpful, and would likely confuse and mislead the jury. The Court found that such testimony was irrelevant to the issues being litigated. However, even if an

3

argument could be cobbled together that there was marginal relevance to the issue of trial testimony credibility, the evidence was inadmissible under Pa.R.E. 403, as the proposed testimony sought to sway the jury to decide the case on an improper basis, i.e. that the victim was a disreputable drunk. The Defendant was never in close proximity to the victim on the day of trial to smell any odor of alcohol, and was purely basing his supposed opinion on hearing the juror's assessment, and then belatedly and incredibly claiming he could determine intoxication based on his own observations of the victim. (N.T. at 123). However, the jury was privy to the same observations of the victim. They could make the same lay person determination about the credibility and fitness to testify based upon his appearance and behavior on the witness stand. The Defendant possessed no specialized expertise to determine if the victim was intoxicated to overcome the assessment made by every other professional in the case (the Commonwealth, the defense counsel, and the Court) that the victim was competent to testify[1].

The Court believes the Defendant sought to create a trial within a trial regarding whether the victim was intoxicated or not for the purpose of distracting and confusing the jury from his own case. The Defendant's lay opinion on whether the victim was intoxicated on the witness stand or not was irrelevant to the charges and inadmissible. It had no relevance to the elements of the offense in question, nor any defenses, and the jury was able to hear and observe the victim's testimony and make its own credibility determinations as to

---

[1] The Court observed zero indication that the victim was intoxicated while testifying and attributes the juror's perception to error, or to confusing the smell of an alcohol based product with intoxication.

4

the accuracy of his testimony. As such, the court was correct to limit the Defendant's direct testimony and bar him from testifying to irrelevant issues designed solely to confuse the jury.

## IV.   Conclusion

For the reasons stated above, this Court respectfully urges affirmance of the Defendant's judgment of sentence.

**BY THE COURT,**

DATED: April 25, 2019

CRAIG T. TREBILCOCK, JUDGE

5