J-S22021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT JOSEPH WEHNER, JR. | : | |
| | : | |
| Appellant | : | No. 505 WDA 2022 |

Appeal from the PCRA Order Entered November 3, 2021
In the Court of Common Pleas of Elk County
Criminal Division at No:  CP-24-CR-0000122-2018

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                **FILED: September 29, 2023**

Appellant, Robert Joseph Wehner, Jr., appeals from the November 3, 2021 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On December 7, 2018, a jury found Appellant guilty of robbery and two counts each of theft by unlawful taking and receiving stolen property.[1]  On February 6, 2019, the trial court imposed an aggregate 66 to 180 months of incarceration.  Appellant did not file a direct appeal.  He filed a timely *pro se* PCRA petition on January 23, 2020, followed by an amended, counseled petition on August 17, 2020.  The petition alleged various instances of ineffective assistance of trial counsel.  The PCRA court conducted a hearing on

---

[1]  18 Pa.C.S.A. §§ 3701, 3921, 3925.

April 12, 2021. On November 3, 2021, the PCRA court entered an order denying relief. This timely appeal followed.[2]

On appeal from an order dismissing a PCRA petition, we must determine whether the record supports the PCRA court's findings of fact, and whether the PCRA court committed an error of law. *Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018), *aff'd*, 226 A.3d 995 (Pa. 2020). The PCRA court's findings of fact, if supported by the record, are binding on this Court. *Id.* We review the PCRA court's legal conclusions *de novo*. *Id.*

To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must plead and prove that (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis in support of the disputed action or inaction; and (3) the petitioner suffered prejudice, such that there is a reasonable probability that, but for counsel's error, the outcome of the underlying proceeding would have been different. *Commonwealth v. Stultz*, 114 A.3d 865, 880-81 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1201 (Pa. 2015). The failure to meet any of these prongs is fatal to the claim. *Id.*

---

[2] The record reveals that Appellant sought and received permission to file this appeal *nunc pro tunc* more than 30 days after entry of the trial court's order. Appellant asserted that he sent counsel a letter within the 30-day time limit requesting an appeal, but counsel failed to file it. After a hearing, the PCRA court granted relief. This is permissible where counsel effectively abandons the petitioner. *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007).

Appellant's Brief includes six questions presented but later concedes that the PCRA court ruled correctly on five of them. Appellant's Brief at 4-6, 12. The one remaining argument is trial counsel's alleged failure to cross examine the victim regarding a discrepancy between his trial testimony and his original statements to police. Appellant's Brief at 12. The victim, Mark Moorhead, testified at trial that Appellant pointed a handgun at him while stealing items from Moorhead's basement. But the affidavit of probable cause for Appellant's arrest states only that Moorhead discovered Appellant in his basement with one of Moorhead's pistols in his hand. It does not indicate that Appellant was pointing the gun at the victim's head. Appellant claims trial counsel was ineffective for failing to confront Moorhead with this issue during cross examination.

We observe that Appellant fails to support this argument with citation to any legal authority, a defect that results in waiver. Pa.R.A.P. 2119(b); *Commonwealth v. Hernandez*, 39 A.3d 406, 412 (Pa. Super. 2012), *appeal denied*, 63 A.3d 1244 (Pa. 2013). Likewise, Appellant fails to develop the pertinent facts of record so that we can determine whether he has proven, by a preponderance of the evidence, that the three prongs of ineffective assistance of counsel analysis are satisfied here. In particular, Appellant fails to explain how counsel's alleged error prejudiced him in light of all the evidence introduced at trial. Failure to develop argument regarding all three prongs of ineffective assistance of counsel analysis also results in waiver.

*Commonwealth v. Spotz*, 18 A.3d. 244, 282 (Pa. 2011). Regardless, the record reflects that Appellant's argument is factually unfounded. Although the affidavit of probable cause did not contain the fact that the victim saw Appellant point a gun at him, a contemporaneous police report did. N.T. Hearing, 4/12/21, at 38-40. Thus, our own review of the record does not support Appellant's assertion that the victim's initial statement to police differed from his subsequent trial testimony.

In summary, Appellant has expressly abandoned five of the six issues that he litigated before the PCRA court and preserved in his Pa.R.A.P. 1925(b) statement. Appellant's Brief at 12. The only remaining argument is underdeveloped and unreviewable. As this Court has often stated, it is not our role to "scour the record to find evidence to support an argument[.]" *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007), *appeal denied*, 982 A.2d 509 (Pa. 2007). We therefore affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2023