J-S10013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOSEPH P. PROSCENO, III, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DEVRY UNIVERSITY, FORT WASHINGTON, PENNSYLVANIA CAMPUS | |
| Appellee | No. 843 EDA 2014 |

Appeal from the Order Entered January 21, 2014
in the Court of Common Pleas of Montgomery County
Civil Division at No.: 2013-12077

BEFORE:  GANTMAN, P.J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED MARCH 11, 2015**

Appellant, Joseph P. Prosceno, III, appeals *pro se* from the order of January 21, 2014, which granted the motion for summary judgment of Appellee, DeVry University, Fort Washington, Pennsylvania Campus, in this breach of contract case.  For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from the trial court's opinion of October 3, 2014.

> Appellant enrolled at the DeVry University, Fort Washington, Pennsylvania Campus on July 7, 2008, and pursued a Bachelor of Science degree in Game Simulation Programming ("GSP").  The GSP program required that Appellant successfully complete a two-part senior project in which Appellant was to create a working video game or simulation application to

---

[*] Retired Senior Judge assigned to the Superior Court.

demonstrate his knowledge of software development. The first part of Appellant's senior project was course GSP494 Senior Project I, for which Appellant and his partner needed to upload and present a working prototype/proof of concept of the game design ("Alpha Version") to the class, the professor and potentially to advisors. Appellant and his partner were unable to demonstrate the prototype/proof of concept of their game design during their presentation. Ultimately, the professor assigned a score of 24/100 for the Alpha Version demonstration and an overall grade of B for course GSP494. Appellant disagreed with his grade and contacted the professor requesting a review. The professor declined to change Appellant's grade for the course.

\* \* \*

Appellant, acting *pro se*, filed a complaint on May 20, 2013, alleging four counts of breach of contract. In Count I, Appellant alleges that the professor "breached the obligations listed under [Appellee's] Code of Conduct and Ethics' accurate books and records policy by deliberat[ely] giving [Appellant] a GSP494 Alpha Version Application assignment grade of 24/100 which resulted in [Appellant's] GSP494 Final Course Grade resulting in 899/1000, ['B'], rather than awarding [Appellant] his GSP494 Alpha Version Application assignment grade after properly reviewing the content of [Appellant's] submitted GSP494 Alpha Version Application game file[.]" In Count II, Appellant alleges that [Appellee's] faculty, dean and the head of the IT department "breached the obligations listed under [Appellee's] Mission and Purpose Statement by refusing [Appellant's] request to upgrade the UDK software already installed on the computers located within DeVry's GSP Lab[.]" In Count III, Appellant alleges that [Appellee's] registrar "breached the obligations included under [Appellee's] Employee Code of Conduct and Ethics accurate books and records policy by miscalculating [Appellant's] Fall 2008 Term GPA and Summer 2009 Term GPA[.]" In Count IV, Appellant alleges "that [Appellee's] Student Housing Department breached the terms of [Appellee's] Student Housing Agreement by not refunding/returning to him his Initial Reservation Fee/Security Deposit."

\* \* \*

On December 12, 2013, Appellee filed a motion for summary judgment. . . . Appellant filed his answer in opposition to Appellee's motion on January 2, 2014. In his answer, Appellant admits that [Appellee's] Code of Conduct and its Mission Statement, documents upon which he relies for his breach of contract claims, are contracts to which he is not a party. Appellant did not provide any deposition testimony or sworn affidavits based upon personal knowledge to the court, nor did Appellant request additional time to conduct discovery.

(Trial Court Opinion, 10/03/14, at 1-5, 7-8) (record citations and footnotes omitted).

On January 21, 2014, the trial court granted the motion of Appellee for summary judgment. The instant, timely appeal followed.[1]

On appeal, Appellant raises the following questions for our review.

**(5.1.1) Claim 1 — Question 1**

Did Professor Roberts deny the Appellant the option rightfully given to the Appellant to use currently accessible technologies from within the Appellant's program of study, or determine to apply other technologies of the Appellant's choosing by refusing to allow the Appellant to demonstrate the Appellant's GSP494 Alpha Version Application during the Appellant's GSP494 Alpha Presentation with use of the Appellant's HP dv7 laptop with or without being connection to a classroom projector?

**(5.1.2) Claim 1 - Question 2**

Did Professor Roberts admit to submitting/deliberately giving an assignment grade for the Appellant's GSP494 Alpha Version Application without having read/reviewed the contents of the Appellant's submitted GSP494 Alpha Version Application, which

---

[1] On February 18, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely statement on March 5, 2014. *See id.* The trial court issued an opinion on October 3, 2014. *See* Pa.R.A.P. 1925(a).

negatively impacted the Appellant's GSP494 Final Grade and GSP Degree Program Spring 2011 Term GPA and Cumulative GPA?

### (5.1.3) Claim 1 - Question 3

Did Professor Roberts make a false and/or misleading entry in the Appellant's grade book for the Appellant's GSP494 Alpha Version Application assignment grade[,] which negatively impacted the Appellant's GSP494 Final Grade (and GSP Degree Program Spring 2011 Term GPA and Cumulative GPA)?

### (5.2.1) Claim 2 - Question 1

Would it have been possible to download and install an up-to-date and compatible version of the UDK software onto at least one of DeVry's GSP Lab computers completely free with no licensing issues that would have hindered DeVry from flawlessly downloading and installing the up-to-date and compatible version of the UDK software?

### (5.2.2) Claim 2 - Question 2

Did DeVry fail to supply the Appellant with compatible up-to-date and market-driven software as requested by the Appellant in order for the Appellant to work on and demonstrate the Appellant's GSP497 Beta Version Application using DeVry's Computers?

### (5.2.3) Claim - 2 Question 3

Did Professor Roberts, Dean Suganthan, and/or the Head of the IT Department's actions directly cause the Appellant to purchase an ASUS G73sw laptop in order to demonstrate the Appellant's GSP497 Beta Version Application during the Appellant's GSP497 Final Presentation?

### (5.3.1) Claim 4 - Question 1

Was/Is the Appellant's Student Housing Initial Reservation Fee/Deposit Refundable/Returnable as stated as being in DeVry's 2007-2008 Student Handbook?

### (5.3.2) Claim 4 - Question 2

Has the Appellee brought forth and provided evidence showing that the Appellant did not pay any of the Appellant's DeVry Student Housing Rent Term Payments in Full?

**(5.3.3) Claim 4 - Question 3**

Has the Appellee brought forth and provided evidence showing the cause of and proving the legitimacy of the $100 charge to the Appellant's Student Housing Account?

**(5.3.4) Claim 4 - Question 4**

Was/[i]s the Appellant entitled to any interest that accumulated on the Appellant's $250 Student Housing Initial Reservation Fee/Deposit over the two(2)-year period that the Appellant stayed in housing contracting/leased by DeVry?

(Appellant's Brief, at 6-9) (italics and quotation marks omitted).

Appellant appeals from the trial court's grant of summary judgment to Appellee. Our scope and standard of review are settled.

> Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment.
>
> . . . With regard to questions of law, an appellate court's scope of review is plenary. The Superior Court will reverse a grant of summary judgment only if the trial court has committed an error

of law or abused its discretion. Judicial discretion requires action in conformity with law based on the facts and circumstances before the trial court after hearing and consideration.

***Cresswell v. Pa. Nat'l Mut. Cas. Ins. Co.***, 820 A.2d 172, 177 (Pa. Super. 2003) (citation and emphasis omitted).

Prior to reaching the merits of Appellant's claims, we must determine if they are properly before us. For the reasons discussed below, we find that Appellant has not properly preserved any issues for our review. ***See Commonwealth v. Wholaver***, 903 A.2d 1178, 1184 (Pa. 2006), *cert. denied*, 549 U.S. 1171 (2007) (holding that appellate courts may *sua sponte* determine whether issues have been properly preserved on appeal). In its Rule 1925(a) opinion, the trial court stated:

> . . . Appellant's concise statement does not specify what genuine issues of material fact exist or what evidence of record before the trial court supported those facts. Moreover, any evidence not properly presented to the court prior to the entry of a final order may not be considered on appeal. As a result, this court is hampered in its review of Appellant's claims.
>
> \* \* \*
>
> In the case *sub judice*, Appellant's first four Rule 1925(b) issues do not assert a sufficiently particularized argument to allow meaningful review. Furthermore, Appellant's concise statement refers to evidence and issues not previously considered by the trial court. Accordingly, these issues are waived.

(Trial Ct. Op., at 11-12, 14).[2]

---

[2] Appellant's Rule 1925(b) statement states:
*(Footnote Continued Next Page)*

[1.] Due to the Appellant's lack of legal experience and knowledge of the Pennsylvania Rules of Civil Procedure, the Appellant's previously filed Affidavits for Exhibits of Evidence contained a Verification instead of being properly notarized, and thus the Appellant's submitted Exhibits of Evidence could not be considered in Court. However, genuine issues of material fact that are essential to the causes of action of the Appellant's Complaint and the Appellant's Opposition to the Appellee's Motion for Summary Judgment do in fact exist, and shall be filed and served in the Reproduced Record as Exhibits A-N along with a properly notarized Affidavit in accordance with 052 Pa. Code § 1.36., so that the Exhibits may now be considered in Court. Thus, Summary Judgment in favor of the moving party is not appropriate.

[2.] Though not previously considered in Court due to the absence of a properly notarized Affidavit, the Appellant has in fact produced evidence of facts essential to the causes of action of the Appellant's Complaint and the Appellant's Opposition to the Appellee's Motion for Summary Judgment, which shall be filed and served in the Reproduced Record as Exhibits A-N along with a properly notarized Affidavit 052 Pa. Code § 1.36., so that the Exhibits may now be considered in Court. Thus, Summary Judgment in favor of the moving party was and is not proper in this case.

[3.] Other than relying on the Appellant's Affidavits not previously being notarized in accordance with 052 Pa. Code § 1.36. due to the Appellant's lack of legal experience and knowledge of the Pennsylvania Rules of Civil Procedure, the moving party did not and has not produced genuine issues of material fact establishing the complete absence of genuine issues of material fact that are essential to the causes of action of the Appellant's Complaint and the Appellant's Opposition to the Appellee's Motion for Summary Judgment.

[4.] The non-moving party of the Motion (Appellant) has produced evidence of facts demonstrating genuine issues for trial, which shall be filed and served with the Brief for the Appellant in the Reproduced Record as Exhibits A-N along with a

We agree with the trial court that Appellant waived his first four claims. ***See Commonwealth v. Hansley***, 24 A.3d 410, 415 (Pa. Super. 2011), *appeal denied*, 32 A.3d 1275 (Pa. 2011) (stating that where concise statement is too vague, court may find waiver). Because Appellant failed to specify any errors made by the trial court, other than generally stating that the court erred in granting summary judgment, it was unable to address any of the first four issues. Accordingly, Appellant has waived his claims. ***See Commonwealth v. Hernandez***, 39 A.3d 406, 411 (Pa. Super. 2012), *appeal denied*, 63 A.3d 1244 (Pa. 2013) (waiving claim where Appellant failed to specify error alleged); ***see also Hansley***, ***supra*** at 415.

While Appellant's fifth claim is reasonably specific, the first time that he claimed that there was a violation of the Landlord and Tenant Act of 1951, was in his Rule 1925(b) statement. (***See*** Rule 1925(b) Statement, 3/05/14, at 4; Trial Ct. Op., at 17). An Appellant cannot raise an issue for

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

> properly notarized Affidavit 052 Pa. Code § 1.36., so that the Exhibits may now be considered in Court.
>
> [5]. In addition to the evidence produced by the Appellant not being considered in Court due to the absence of a properly notarized Affidavit, sections 250.511c and 250.512 of The Landlord and Tenant Act of 1951 were overlooked, both of which support Claim 4 of the Appellant's Complaint and the Appellant's Opposition to the Appellee's Motion for Summary Judgment regarding Claim 4 of the Appellant's Complaint.

(Rule 1925(b) Statement, 3/05/14, at 2-4).

the first time in a Rule 1925(b) statement. *See Commonwealth v. Coleman*, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for first time in Rule 1925(b) Statement are waived). Thus, Appellant waived his final issue as well.

Moreover, although Appellant raised five issues in his Rule 1925(b) statement, in his statement of the questions involved he raises ten issues, none of which he included in his Rule 1925(b) statement. (*See* Rule 1925(b) Statement, 3/05/14, at 2-4; Appellant's Brief, at 6-9). As amended in 2007, Rule 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in Commonwealth v. Burton*, 973 A.2d 428, 430 (Pa. Super. 2009). Because of this, the trial court did not address any of the issues raised on appeal in its Rule 1925(a) opinion. (*See* Trial Ct. Op., at 1-18). Therefore, because Appellant failed to raise any of the issues raised in his *pro se* brief in his Rule 1925(b) statement, he waived all issues on appeal.[3]

_____

[3] Furthermore, we note that Appellant's brief utterly fails to comply with the rules of appellate procedure. For example, Appellant's statement of jurisdiction does not comply with Pennsylvania Rule of Appellate Procedure 2114. (*See* Appellant's Brief, at 3). His statements of the scope and standard of review are incorrect. (*See id.* at 6). His statement of the questions involved is in violation of Pennsylvania Rule of Appellate Procedure 2116(a). (*See id.* at 6-9). His statement of the case does not comply with
*(Footnote Continued Next Page)*

Thus, for the reasons discussed above, we affirm the grant of summary judgment in this matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/11/2015




(Footnote Continued) ⎯⎯⎯⎯⎯⎯⎯

Pennsylvania Rule of Appellate Procedure 2117(a) and (b). (**See id.** at 9-13). Appellant includes a section entitled "Brief Statement of Order Under Review," which is not contemplated by the rules of appellate procedure. (**See id.** at 13-14). Further, his argument section is completely devoid of citation either to the record or to relevant legal authority in violation of Pennsylvania Rule of Appellate Procedure 2119. (**See id.** at 15-25). Appellant's brief is essentially a repetitive narrative statement of his reasons for believing that Appellee breached its contract. It is devoid of any legal support other than boilerplate quotations on the standard of review for summary judgment. Thus, the defects in Appellant's brief are significant and had he preserved any issues for appeal would have substantially encumbered our appellate review. **See** Pennsylvania Rule of Appellate Procedure 2101 ("if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."). Thus, we would have been constrained to quash the appeal because Appellant's brief is defective to the point that it constitutes a violation of Pennsylvania Rule of Appellate Procedure 2101. **See Commonwealth v. Sanford**, 445 A.2d 149, 150 (Pa. Super. 1982); **see also** Pa.R.A.P. 2101.