J-S31012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TAMMY GEISS, | |
| Appellant | No. 1072 MDA 2014 |

Appeal from the Judgment of Sentence May 1, 2014
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000931-2013

BEFORE:  BENDER, P.J.E., ALLEN, J., and WECHT, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 26, 2015**

Tammy Geiss (Appellant) appeals from the May 1, 2014 judgment of sentence of a minimum of 72 hours and a maximum of 6 months' incarceration after being found guilty at a bench trial of driving under the influence (DUI), highest rate,[1] DUI, general impairment,[2] and public drunkenness.[3]  Appellant now challenges the trial court's discretion in admitting inculpatory statements against a *corpus delicti* objection, and the sufficiency of the evidence regarding the degree of her intoxication.  After careful review, we affirm the judgement of sentence.

_____

[1] 75 Pa.C.S. § 3802(c).

[2] 75 Pa.C.S. § 3802 (a)(1).

[3] 18 Pa.C.S. § 5505.

The trial court set forth a factual summary of this matter as follows:

Officers Hoffman and Dekar responded to a report of an intoxicated person. Upon arrival, [Appellant] was found in her motor vehicle parked on a public street. [Appellant] was in the driver's seat. The car was warm. The [o]fficer initially spoke to her through her open window. The [o]fficer asked for drivers' license, registration and insurance. [Appellant] gave [the officer] the registration and insurance card and was advised she also needed the license. [Appellant] appeared confused. [Appellant] reached for the ignition and the police officer had to re-direct her because she did not want [Appellant] starting the vehicle. [Appellant] turned on the headlights of the vehicle, the officer again redirected her to obtain her drivers' license. [Appellant]'s speech was extremely slurred and her eyes were extremely bloodshot and glassy. When [Appellant] was asked to step out of the vehicle, the police officer had to hold her up as [Appellant] was not able to hold her own balance. [Appellant] fell on the officer numerous times. [Appellant] had a very strong odor of alcohol from her breath and her person. [Appellant] was not able to do the field sobriety tests and stated same to the officer. ….

[Appellant] told the police officer that she had taken two oxycodone pills and began drinking at her husband's house, drove around while continuing to consume wine and then drove to the place she was parked. ….

….

…[Appellant] was encountered by the police at 8:53 PM. …. She consented to have a blood alcohol test and blood was drawn at 9:34. Thus her blood was drawn within two hours of her being in actual physical control of her vehicle. The BAC results were 0.22. Although [Appellant] testified that she consumed wine after arriving to the point where she was encountered by the police and there were numerous empty and some full small bottles of wine in her vehicle ….

Trial Court Opinion (T.C.O.), 11/2014 at 2-4.

On February 28, 2014, at the conclusion of a bench trial, Appellant was found guilty and sentenced as stated above. Appellant filed post

sentence motions, which were denied. Appellant filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. The trial court issued its Rule 1925(a) opinion on November, 2014. Appellant now presents the following issues for our review:

> I.   Whether [Appellant]'s admission to driving was inadmissible as a result of the Commonwealth's failure to prove the *corpus delicti* of DUI?
>
> II.  Whether the Commonwealth presented sufficient evidence that [Appellant] had consumed enough alcohol to establish that she had a blood alcohol content exceeding 0.16% at the time she was driving?

Appellant's Brief, at 7.

## *Corpus Delicti*

The *corpus delicti* rule requires proof that a crime occurred, independent of self-incriminating statements made by an accused.[4] Appellant's argument is that the Commonwealth did not present sufficient evidence to prove that she had driven her vehicle while under the influence of alcohol. She asserts that, without such proof, her statements that she had been drinking alcohol prior to driving were inadmissible. "Essentially, the Commonwealth failed to prove that a traffic offense had occurred without the benefit of [Appellant]'s inculpatory statement." Appellant's Brief, at 12.

---

[4] ***See Commonwealth v. Hernandez***, 39 A.3d 406, 410-411 (Pa. Super. 2012).

Our standard of review for a challenge to the *corpus delicti* rule is well-settled.

> The *corpus delicti* rule is designed to guard against the "hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed." The *corpus delicti* rule is a rule of evidence. Our standard of review on appeals challenging an evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion. The *corpus delicti* rule places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted. The *corpus delicti* is literally the body of the crime; it consists of proof that a loss or injury has occurred as a result of the criminal conduct of someone. The criminal responsibility of the accused for the loss or injury is not a component of the rule. The historical purpose of the rule is to prevent a conviction based solely upon a confession or admission, where in fact no crime has been committed. The *corpus delicti* may be established by circumstantial evidence. Establishing the *corpus delicti* in Pennsylvania is a two-step process. The first step concerns the trial judge's **admission** of the accused's statements and the second step concerns the fact finder's **consideration** of those statements. In order for the statement to be admitted, the Commonwealth must prove the *corpus delicti* by a preponderance of the evidence. In order for the statement to be considered by the fact finder, the Commonwealth must establish the *corpus delicti* beyond a reasonable doubt.

***Hernandez***, 39 A.3d at 410-411 (internal citations omitted) (emphasis in original).

With this standard in mind, our first step in assessing Appellant's claim is determining the *corpus delicti* of DUI. The pertinent law provides that the Commonwealth had to prove, independent of Appellant's statement, that (1) an individual was driving, operating, or in actual physical control of the movement of a vehicle, (2) after imbibing a sufficient amount of alcohol such

that the individual was rendered incapable of safely driving.[5]  If the Commonwealth established both prongs by a preponderance of the evidence, we shall find no abuse of discretion in the introduction of Appellant's inculpatory statements at trial.[6]

We have found actual physical control of a vehicle when a defendant was in driver's seat, alone in the vehicle, while the vehicle was at the bottom of an embankment, and the hood was warm.  ***Commonwealth v. Wilson***, 660 A.2d 105, 107 (Pa. Super. 1995).  In the case at bar, the hood and fender well were warm, indicating to police that the vehicle was driven recently.  Appellant was alone in the vehicle, sitting in the driver's seat.  When asked for her driver's license, registration, and insurance, Appellant reached for the ignition and turned on the vehicle's headlights.  Appellant was away from her home, parked in front of her friend's residence.  The vehicle was pointed in the wrong direction with the driver's side tires next to the curb.  Finally, police were responding to a call that an intoxicated person was causing a "problem."  As in ***Wilson***, this evidence establishes that

---

[5] "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle."  75 Pa.C.S. § 3802(a)(1)

[6] Appellant was charged with both general impairment and highest rate DUI.  For our analysis, we have applied the general impairment *corpus delicti*, however, the evidence satisfies highest rate DUI as well.

Appellant was in actual physical control of the vehicle, thus satisfying the first prong of analysis.

Regarding her ability to drive safely, Appellant appeared to be heavily intoxicated with empty bottles of alcohol in the vehicle. She could not stand without assistance and repeatedly fell on a police officer. She recognized that she would not pass a field sobriety test and expressed that to the police. We find this evidence satisfies the second prong of the analysis.

We conclude that the Commonwealth presented independent evidence sufficient to establish the *corpus delicti* of DUI by a preponderance of the evidence. Accordingly, we find that the trial court did not abuse its discretion in allowing testimony establishing Appellant's inculpatory statements.

### *Sufficiency of the Evidence*

Appellant argues, in the alternative, that the evidence was insufficient to prove that she was in violation of the highest rate of DUI. She contends that the empty bottles of alcohol in her vehicle create reasonable doubt as to whether her BAC was in excess of the limit within two hours of driving the vehicle. Without evidence that established that she was driving under the influence, as opposed to becoming intoxicated afterward, Appellant avers that the verdict cannot stand.

We review Appellant's challenge to the sufficiency of the evidence under the following, well-settled standard of review:

We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Mobley***, 14 A.3d 887, 889-890 (Pa. Super. 2011) (citation omitted).

Appellant's argument relies entirely on the "driving" condition of the offense. Because the Code provides that a violation occurs while driving, operating, or in actual physical control of the vehicle, we will deem the evidence sufficient if it establishes that Appellant had a BAC of 0.16% or higher within two hours of having been in actual physical control of the movement of the vehicle.[7]

---

[7] "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(c).

When viewed in the light most favorable to the verdict winner, the evidence sufficiently established all of the elements of the offense. Appellant was alone in her vehicle, sitting in the driver's seat, reaching for the ignition, turning on the lights, and not at her own residence. Based on reasonable inferences drawn from this evidence, the fact-finder could have determined that Appellant was in actual physical control of the vehicle. Further, Appellant's blood was drawn within two hours of her first encounter with the police and her BAC was 0.22%. Accordingly, we conclude that the evidence was sufficient to support the verdict.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2015