J-A19017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RALPH JUSTIN CARTER | |
| Appellant | No. 503 WDA 2014 |

Appeal from the Judgment of Sentence January 30, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008812-2012

BEFORE:  BENDER, P.J.E., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 14, 2015**

Ralph Carter ("Appellant") appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas following his jury trial conviction for persons not to possess firearms,[1] possession of a controlled substance with intent to deliver ("PWID"),[2] possession of a controlled substance,[3] and possession of drug paraphernalia.[4]  We find the trial court did not err when it denied Appellant's amended motion to suppress and did not err when it permitted Parole Agent Darin Reid to testify

_____

[1] 18 Pa.C.S. § 6105(a)(1).

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(16).

[4] 35 P.S. § 780-113(a)(32).

to hearsay statements. We, however, find the trial court erred when it applied an unconstitutional mandatory minimum sentence and erred when it sentenced Appellant to a maximum of 16 years for the PWID conviction, as the statutory maximum for such a conviction was 15 years. Accordingly, we affirm Appellant's conviction, but reverse the judgment of sentence and remand for re-sentencing.

Agent Reid was Appellant's parole agent. N.T., 1/15/2013, at 4. On June 15, 2012, Appellant tested positive for marijuana and cocaine. N.T., 1/15/2013, at 21, 25; N.T., 8/22/2013, at 7. Appellant was to have a drug evaluation. N.T., 8/22/2013, at 7. He completed the initial evaluation, but failed to appear for the June 27, 2012 follow-up evaluation. *Id.* at 7.

On July 2, 2012, a confidential informant advised Agent Reid that Appellant "was selling drugs, using drugs and in possession of a firearm." N.T., 1/15/2013, at 5. The confidential informant was Jennifer Scott, who had a child with Appellant.[5] N.T., 4/22/2013, at 5. She told Agent Reid she was concerned because her son stayed with Appellant, and Appellant was using marijuana and cocaine, was selling drugs, and she believed he had a gun in his residence. *Id.* at 5-6.

---

[5] Ms. Scott contacted Appellant's counsel on the morning of the first suppression hearing and identified herself. Appellant then filed a motion to disclose the confidential information, which he withdrew. Agent Reid referred to Ms. Scott at the second hearing.

Ms. Scott informed Agent Reid that Appellant had recent driving without a license tickets, which Agent Reid confirmed. N.T., 1/15/2013, at 37; N.T., 4/22/2013, at 6. She also mentioned the drug use involved marijuana and cocaine for which Appellant had tested positive on June 15, 2013, a mere two-and-a-half weeks prior to receipt of the information from Ms. Scott. N.T., 4/22/2013, at 5-6. Further, Ms. Scott showed Agent Reid a video from a Facebook page where, during a cell phone call, Appellant slurred his speech and appeared intoxicated. N.T., 1/15/2013, at 6; N.T., 4/22/2013, at 7. During this telephone conversation, Appellant mentioned shooting raccoons. *Id.*, at 6-7. As conditions of Appellant's parole, he was not permitted to drink alcohol or use a firearm. *Id.*, at 7.

On July 2, 2012, Agent Reid discussed the information supplied by Ms. Scott and Appellant's missed drug evaluation with his supervisor. N.T., 4/22/2013, at 8. They decided to detain Appellant and conduct a home inspection search of Appellant's residence. *Id.* at 8-9.

On July 3, 2012, Appellant arrived at the probation office with his girlfriend. N.T., 1/15/2013, at 8. The parole agents detained Appellant and conducted a home inspection search of his residence.[6] *Id.* at 8-9. After the

_____

[6] At the suppression hearing the Commonwealth argued that the home inspection search was valid because the parole agents had reasonable suspicion and because Appellant's girlfriend consented to the search. At the suppression hearing, the girlfriend testified she did not consent to the search, as the agents had informed her Appellant had already consented. She also testified that she was in the process of moving from the residence
*(Footnote Continued Next Page)*

agents discovered heroin in one of Appellant's bedrooms, the home inspection search ceased and the agents notified the police. *Id.* at 9-10. The McKeesport Police Department applied for and obtained a search warrant for Appellant's residence. *Id.* at 10. The police conducted a search, which yielded drugs, drug paraphernalia, and a gun. N.T., 1/15/2013, at 35; Police Criminal Complaint at 2.

Appellant was arrested on July 3, 2012. On January 9, 2013, Appellant filed a motion to suppress, which he amended on April 9, 2013. On January 15, 2013 and April 22, 2013, the trial court held suppression hearings. On August 13, 2013, the trial court denied the amended motion.[7]

On October 23, 2013, following a jury trial, a jury convicted Appellant of the aforementioned charges.

After the verdict was recorded, the Commonwealth notified Appellant it would seek the mandatory minimum sentences for the PWID conviction pursuant to 42 Pa.C.S. § 9712.1 and 18 Pa.C.S. § 7508. N.T., 10/21-23/2013, at 211-212.

_(Footnote Continued)_ _____

and testified she informed the agents that she had not stayed at Appellant's residence the night before. N.T., 4/22/2013, at 22-24. The suppression court credited girlfriend's testimony and found she did not have authority to consent to the search. N.T., 4/22/2013, at 29. The Commonwealth is not advancing this argument on appeal. Appellee's Brief at 7 n.1.

[7] The trial court also granted a motion to withdraw motion to disclose identity of confidential informant and granted Appellant's motion to sever charges.

On January 30, 2014, the trial court sentenced Appellant to 5 to 10 years' imprisonment for the persons not to possess firearms conviction and a concurrent term of 8-16 years' imprisonment for the PWID conviction. The 8-16 years reflected imposition of both mandatory minimums on the PWID conviction. The court imposed no further penalties for the remaining convictions.

On February 25, 2014, Appellant filed post-sentence motions, which the trial court denied on February 28, 2014. On March 28, 2014, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following claims on appeal:

> I. Whether Judge Machen erred in failing to grant [Appellant's] Amended Motion to Suppress when the parole agents did not obtain a valid consent to enter and search [Appellant's] residence, nor did they have reasonable suspicion of criminal activity to support the warrantless entry and search of [Appellant's] residence, such that all evidence recovered during the "home inspection" search of [Appellant's] residence should have been suppressed?
>
> II. Whether Judge Machen erred in failing to grant [Appellant's] Amended Motion to Suppress when all evidence recovered during the "home inspection" search of [Appellant's] residence should have been suppressed, and without such evidence, the information contained in the search warrant application failed to establish probable cause?
>
> III. Whether Judge Rangos abused her discretion in permitting Agent Reid to testify at trial, over [Appellant's] objection, to the out-of-court statements made by Scott when such evidence was inadmissible hearsay being offered for the truth of the matter asserted, as opposed to

being offered merely to explain the course of conduct of the parole agents?

IV. Whether the sentence imposed at Count 2 -- Possession of a Controlled Substance With Intent to Deliver is illegal when, pursuant to *Alleyne v. United States*, --- U.S. ---, 133 S.Ct. 2151 (2013), both 42 Pa.C.S.A. § 9712.1 (Sentences for Certain Drug Offenses Committed With Firearms) and 42 Pa.C.S.A. § 7508 (Drug Trafficking Offenses and Penalties) are unconstitutional on their face, and as applied in [Appellant's] case?

V. Whether the sentence imposed at Count 2 -- Possession of a Controlled Substance With Intent to Deliver is illegal when Judge Rangos sentenced [Appellant], in the aggregate, to not less than eight years, not greater than 16 years['] incarceration, but under the circumstances of the case, the statutory maximum sentence is 15 years?

Appellant's Brief at 7-8.

Appellant's first two claims challenge the reasonable suspicion to conduct a home inspection and the probable cause to obtain the warrant to search the residence. However, Appellant bases his lack of probable cause argument on his claim the parole agents lacked reasonable suspicion. Appellant's Brief at 42-46 (police lacked probable cause because parole agents lacked reasonable suspicion to search home).

When reviewing a denial of a suppression motion, we limit our review to determining whether the record supports the factual findings and whether the legal conclusions drawn from those facts are correct. *Commonwealth v. Brown*, 64 A.3d 1101, 1104 (Pa.Super.2013). In addition, because the Commonwealth prevailed in the suppression court, we consider only the Commonwealth's evidence and so much of the defense evidence "as remains uncontradicted when read in the context of the record as a whole." *Id.*

(quoting **Commonwealth v. Cauley**, 10 A.3d 321, 325 (Pa.Super.2010)). We may only consider evidence presented at the suppression hearing. **In re L.J.**, 79 A.3d 1073, 1085-87 (Pa.2013). We "may reverse only if the legal conclusions drawn therefrom are in error." **Brown**, 64 A.3d at 1104 (quoting **Cauley**, 10 A.3d at 325).

Pursuant to Pennsylvania law, if an individual is on probation or parole, then "[a] property search may be conducted by an agent if there is reasonable suspicion to believe that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of supervision." 61 Pa.C.S. § 6153(d)(2).

Whether reasonable suspicion to search property exists:

[S]hall be determined in accordance with constitutional search and seizure provisions as applied by judicial decision. In accordance with such case law, the following factors, where applicable, may be taken into account:

(i) The observations of agents.

(ii) Information provided by others.

(iii) The activities of the offender.

(iv) Information provided by the offender.

(v) The experience of agents with the offender.

(vi) The experience of agents in similar circumstances.

(vii) The prior criminal and supervisory history of the offender.

(viii) The need to verify compliance with the conditions of supervision.

61 Pa.C.S. § 6153(d)(6).

This Court has provided the following rationale for requiring only reasonable suspicion prior to the search of a parolee's home:

> Because "the very assumption of the institution" of parole is that the parolee is "more likely than the ordinary citizen to violate the law," the agents need not have probable cause to search a parolee or his property; instead, reasonable suspicion is sufficient to authorize a search. Essentially, parolees agree to "endure warrantless searches" based only on reasonable suspicion in exchange for their early release from prison.

*Commonwealth v. Hunter*, 963 A.2d 545, 551 (Pa.2008) (quoting *Commonwealth v. Curry*, 900 A.2d 390, 394 (Pa.Super.2006)). A search of a parolee "is only reasonable . . . where the totality of the circumstances demonstrate that '(1) the parole officer had reasonable suspicion to believe that the parolee committed a parole violation; and (2) the search was reasonably related to the duty of the parole officer.'" *Id.* (quoting *Commonwealth v. Hughes*, 836 A.2d 893, 899 (Pa.2003) (plurality)).

Our Supreme Court has discussed the use of a tip from a known informant:

> An anonymous tip, corroborated by independent police investigation, may exhibit sufficient indicia of reliability to supply reasonable suspicion for an investigatory stop. However, we have recognized a known informant is far less likely to produce false information. A known informant's tip may carry sufficient "indicia of reliability" to justify an investigative detention despite the fact that it may prove insufficient to support an arrest or search warrant.

*Commonwealth v. Brown*, 996 A.2d 473, 477 (Pa.2010) (internal citations omitted). "[I]f an informer is known to the police, or identifies him or herself to the police, then there is an indicia of reliability attached to the tip, because the informant has placed himself or herself at risk for prosecution for giving false information to the police if the tip is untrue." *Commonwealth v. Hayward*, 756 A.2d 23, 34 (Pa.Super.2000).

Here, the parole agents had reasonable suspicion to conduct the home inspection. The agents had information from a known source that Appellant, who was on parole, had drugs and a gun at his residence. The informant identified herself to parole agent Reid, which makes it less likely that she would provide false information.[8] *See Hayward*, 756 A.2d at 34. Further, the informant mentioned Appellant's use of marijuana and cocaine, which a prior drug screen confirmed for the agents. The informant also provided information that Appellant had two recent traffic violations, which parole agent Reid confirmed. Additionally, the informant showed parole agent Reid a video in which Appellant appeared intoxicated and discussed shooting raccoons. As conditions of his parole, Appellant was precluded from using drugs or a gun.

_____

[8] Appellant alleges Ms. Scott was on probation at the time she approached Agent Reid. N.T., 4/22/2014, at 11-12. There is, however, no evidence regarding, and agent Reid was unaware of, Ms. Scott's probationary status. N.T., 4/22/2014, at 12; Pa.R.A.P. 1921, Note ("An appellate court may consider only the facts which have been duly certified in the record on appeal.").

Further, because the parole agents discovered heroin during the home inspection search, the police had probable cause to obtain and execute a search warrant, as there was a fair probability the police would find additional evidence of a crime at Appellant's residence. ***See Commonwealth v. Lyons***, 79 A.3d 1053, 1064 (Pa.2013) ("probable cause 'exists where, based upon a totality of the circumstances set forth in the affidavit of probable cause, including the reliability and veracity of hearsay statements included therein, "there is a fair probability that … evidence of a crime will be found in a particular place."'" quoting ***Commonwealth v. Johnson***, 42 A.3d 1017, 1031 (Pa.2012)).

Appellant next contends the trial court abused its discretion when it permitted parole agent Reid to testify to Ms. Scott's out-of-court statements that Appellant had drugs and a gun at his residence. Appellant's Brief at 22. We disagree.

The admissibility of evidence is a matter solely within the discretion of the trial court, and we will reverse an evidentiary ruling only if an abuse of discretion has occurred. ***Commonwealth v. Nypaver***, 69 A.3d 708, 716 (Pa.Super.2013) (quoting ***Commonwealth v. Hernandez***, 39 A.3d 406 (Pa.Super.2012)). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous."

*Commonwealth v. Dillon*, 925 A.2d 131, 136 (Pa.2007) (quoting *Grady v. Frito–Lay, Inc.*, 839 A.2d 1038, 1046 (Pa.2003)).

Prior to trial, Appellant made an oral motion in limine seeking to preclude the Commonwealth from "elicit[ing] from the [parole] agents that they received a tip that there were guns and drugs in [Appellant's] house." N.T., 10/21/2013, at 19. Appellant noted the confidential informant was not there to testify and, therefore, the statements were hearsay. *Id.* Further, at trial, the following exchange occurred:

> PROSECUTOR: On July the 2nd, 2012, was [Appellant] under your supervision?
>
> AGENT REID: Yes.
>
> PROSECUTOR: On that day, did you receive some sort of a tip regarding things that might be at his residence?
>
> [DEFENSE COUNSEL]: Your Honor, I'm going to object on the basis of hearsay.
>
> THE COURT: Overruled. The information is not being offered for the truth of the matter but for the limited purpose of why the agent then did what he did next.
>
> [PROSECUTOR]: Did you receive some sort of a tip?
>
> AGENT REID: Yes.
>
> PROSECUTOR: And what were you told might be found in his house?
>
> AGENT REID: A firearm and heroin.
>
> PROSECUTOR: On July the 3rd, 2012, did [Appellant] have a scheduled visit with you?
>
> AGENT REID: Yes.
>
> PROSECUTOR: Did he show up?
>
> AGENT REID: Yes.

- 11 -

PROSECUTOR: When he came to your office, was he detained?

AGENT REID: Yes.

PROSECUTOR: Once he was detained, did you go to his residence?

AGENT REID: Yes.

N.T., 10/21-23/2013, at 28-29.

In its 1925(a) opinion, the trial court claimed Agent Reid stated that the confidential informant advised him of the driving tickets and the failed drug tests. Opinion, 7/23/2014, at 4.[9] Appellant, however, challenges Agent Reid's testimony that he received a tip that he would find drugs and a gun at Appellant's residence, as he did prior to trial and at trial. N.T., 10/21-23/2013, at 18-19, 28-29.[10]

Appellant relies on **Commonwealth v. Palsa**, in which the jury convicted the defendant of "criminal attempt as a result of his efforts to gain possession of fifteen pounds of marijuana with the intent to deliver the

_____

[9] It does not appear Agent Reid testified to Ms. Scott's claims regarding the tickets and failed drug tests. The court found the statements "were not admitted for the truth of the matter asserted but rather to explain a course of conduct (i.e. that the CI was reliable because he had previously supplied accurate information to the police)." Opinion, 7/23/2014, at 4.

[10] Appellant's 1925(b) statement claims the trial court "erred in permitting Agent Reid to testify, over Mr. Carter's objection, to the out-of-court-statements made by the Confidential Informant." 1925(b) Statement at ¶ 18. The out-of-court statements objected to were that there were drugs and a firearm at the residence. N.T., 10/21-23/2013, at 18-19, 28-29.

substance to others." 555 A.2d 808, 809 (Pa.1989). In *Palsa*, a police officer's trial testimony relayed information he received from an informant. *Id.* The informant had been arrested and, after agreeing to work with the police, provided information implicating the defendant. *Id.* The informant then became a fugitive and did not testify at trial. *Id.* At trial, the police officer testified to the informant's statement that "at the time of his auto accident, [the informant] had been on his way to deliver marijuana to a man known as 'Ed' residing at 116 East Irvin Street in State College, Pennsylvania" and that "just one day prior to the accident, [the informant] had sold the same man a pound of marijuana for a sum of $500.00, and, further, that the man had given him an extra $500.00 as a down payment on an order of fifteen additional pounds." *Id.* at 809.

Our Supreme Court found:

> The challenged statements in the present case were of a most highly incriminating sort. They contained specific assertions of criminal conduct by a named accused, and, indeed, were likely understood by the jury as providing proof as to necessary elements of the crime for which appellant was being tried.

*Palsa*, 555 A.2d at 811. The Court distinguished *Commonwealth v. Cruz*, 414 A.2d 1032, 1035 (Pa.1980), where the Pennsylvania Supreme Court found the police officer's testimony that he "responded to a call of a disturbance, man with a gun," were admissible to explain the police officer's course of conduct. *Id.* Further, the Court in *Palsa* noted that "in weighing the prejudice to the defense versus the prosecution's need for the

- 13 -

challenged statements, the ambit of the trial court's discretion is to be preserved." *Palsa*, 555 A.2d at 811.

The trial court acted within its discretion when it permitted Agent Reid to testify that he received a tip that Appellant had drugs and a gun at his residence because the statement explained why the parole agents conducted a search. Further, even if the court erred in admitting the statement, the error was harmless. Appellant was convicted of persons not to possess firearms, PWID, possession of a controlled substance, and possession of drug paraphernalia. The proof that established these charges was the contraband discovered during the subsequent search, not Ms. Scott's statements that Appellant had drugs and a gun at his residence.

Appellant's final two issues challenge his sentence for the PWID conviction.

The trial court imposed two mandatory minimum sentences for Appellant's PWID conviction – the mandatory minimum sentence for drug offenses committed with a firearm (5 years) and the mandatory minimum sentence for drug trafficking offenses where the controlled substance mixture contains heroin and is at least 1 gram but less than 5 grams and the defendant is convicted of another drug offense (3 years).

The Commonwealth concedes these sentences were unconstitutional pursuant to **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super.2014) (finding application of 42 Pa.C.S. § 9712.1 unconstitutional and remanding for resentencing) and **Commonwealth v. Vargas**, 108 A.3d 858, 877

(Pa.Super.2014) (finding 18 Pa.C.S. § 7508 unconstitutional, vacating sentence, and remanding for re-sentencing). It concedes a re-sentencing is required. We agree.

Further, the maximum sentence for a PWID conviction is fifteen years. 35 P.S. § 780-113(f)(1). Therefore, as the Commonwealth and trial court concede, the 16-year sentence imposed is illegal and re-sentencing is required.

Convictions affirmed. Judgment of sentence reversed. Case remanded for re-sentencing proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/14/2015