J-S49044-18

2018 PA Super 288

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                       :            PENNSYLVANIA
                       :
          v.                 :
                       :
                       :
ELIUD MONTANEZ-CASTRO         :
                       :
          Appellant        :     No. 462 MDA 2018

Appeal from the Judgment of Sentence December 28, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003013-2016

BEFORE:   SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.:            **FILED OCTOBER 22, 2018**

Appellant, Eliud Montanez-Castro, appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County, which, sitting as finder of fact in his non-jury trial, found him guilty of luring a child into a motor vehicle, disorderly conduct, and harassment.[1] Sentenced to serve an eleven-and-one-half to 23-month sentence of incarceration, to be followed by one year of probation, Appellant challenges the sufficiency of the evidence with respect to his conviction for luring a child into a motor vehicle. We affirm.

The trial court sets forth the pertinent facts and procedural history, as follows:

> On April 15, 2016, the two minors (T.G. and M.R.) were walking to school. Neither recalled inclement weather or any sort of natural disaster that would prompt anyone to offer a ride. As they

---

[1] 18 Pa.C.S. §§ 2910(a), 5503(a)(4), and 2709(3), respectively.

---

\*   Former Justice specially assigned to the Superior Court.

were walking along South Harrisburg Street, a white car sharply turned left from Walnut Street onto South Harrisburg Street. It pulled up to the curb beside them, with the driver's side window closest. The window was open and the driver, Appellant, asked them to pick a number. The minors stopped walking and after being confused, each picked a number. After T.G. picked a number, Appellant said "Mommy, you were right" and that she won a prize. T.G. thought this was all odd.

Appellant held out a soda can and water bottle with no label and told her to pick on[e]. T.G. refused. Both girls recalled that [Appellant] held the drinks out with bent elbows, not arms extended, and was fairly close [just several feet away]. T.G. and M.R. recognized that T.G. would have had to approach the car, though, to take one of the drinks. T.G. and M.R. were nervous and scared after this interaction and walked quickly to school. Appellant never asked her to enter the car or go anywhere with him. He never asked them to approach closer, he never threatened them, he never commanded or directed them to do anything, and he never opened the door. Appellant did not follow them. Upon arriving at school, T.G. told the principal what had happened.

Sometime later, T.G. viewed a photo array with Detective Robbins. He showed her pictures one at a time and she immediately identified picture six as the man who had approached her. M.R. also viewed a photo array complied [sic] by Detective Morris. He used the same technique as [Detective] Robbins and showed M.R. pictures one by one until she identified one as the man she had seen in the car.

M.R. recalled that some days later, she and T.G. were on the porch when T.G. pointed out a man to her. M.R. looked and recognized Appellant on the sidewalk. He looked up at them and they went inside because they were scared.

Counsel presented a stipulation that Appellant did not have the expressed or implied permission of any parent or guardian of the victims in this case to give them a ride anywhere.

\*\*\*

Following a trial by judge on [October 18, 2017], Appellant was found guilty [of all charges and sentenced as indicated, *supra*].

- 2 -

On March 6, 2018, [the trial court] received a timely Notice of Appeal filed with the Superior Court of Pennsylvania. [The trial court] ordered Appellant on March 7, 2018, to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with said Order on March 26, 2018.

Trial Court Opinion, 8/6/18, at 1-3.

Appellant presents one question for our consideration:

**I.** **[WAS] THE EVIDENCE PRESENTED AT TRIAL [ ] INSUFFICIENT TO CONVICT APPELLANT OF THE CRIME OF LURING A CHILD INTO A MOTOR VEHICLE AND DISORDERLY CONDUCT WHEN THE APPELLANT MERELY OFFERED A SODA TO A GIRL(S) [SIC] THROUGH A PASSENGER WINDOW OF HIS VEHICLE BUT NEVER OFFERED A RIDE TO THE GIRL(S) OR PULLED THEM CLOSER TO HIS VEHICLE[?]**

Appellant's brief, at 4.

Our standard of review for challenges to the sufficiency of the evidence is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the

credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa.Super. 2014) (citation omitted).

Appellant argues that evidence failed to support his conviction on the charge of luring a child into a motor vehicle. Merely talking with the girls and offering them drinks from his car window, without ever inviting or commanding them to enter his vehicle, fails to satisfy the first evidentiary requirement of attempting to lure a child into a vehicle, he submits. On this point, he elaborates:

> The Commonwealth failed to establish that Appellant lured or attempted to lure either lady into his motor vehicle. In this case, neither lady called 911. Neither lady testified that he said "get in the car" or offered them to get into the vehicle [sic] or that he pulled them into the car. He never opened the rear car door for them to get in. He did not even say "come here." He did not beckon them. He did not threaten them. He did not command them to come closer or open the door. At no time did he even touch them.

Appellant's brief, at 9.[2]

The pertinent statute provides: "**(a) Offense**.—Unless the circumstances reasonably indicate that the child is in need of assistance, a person who lures or attempts to lure a child into a motor vehicle or structure

---

[2] Throughout the "Brief for Appellant," counsel repeatedly refers to the two minor girls in question as "ladies." Assigning an adult title to minors subjected to an offense that frequently involves the actual or attempted sexual abuse of a child is unacceptable, particularly where clear sexual overtones attended Appellant's conduct toward the girls. Therefore, we strongly admonish counsel for what was, at best, a careless description of the minor victims in this case.

without the consent, express or implied, of the child's parent or guardian commits an offense." 18 Pa.C.S. § 2910(a). As stated by our Supreme Court:

> Section 2910 ... sets forth three requirements the Commonwealth must establish beyond a reasonable doubt to convict an individual of the offense of attempted luring of a child into a motor vehicle: (1) the individual attempted to lure a child into a motor vehicle; (2) without the express or implied consent of the child's parent or guardian; and (3) under circumstances which did not reasonably indicate the child is in need of assistance.

*Commonwealth v. Hart*, 28 A.3d 898, 908–09 (Pa. 2011). The Court has explained further that "a 'lure' involves the making of a promise of pleasure or gain, the furnishing of a temptation or enticement, or the performance of some other affirmative act calculated to strongly induce another individual to take a particular action, usually and most often likely to result in his or her harm." *Id* at 909.

Here, two ninth-grade girls walking to school witnessed Appellant abruptly turn his vehicle off the course he was traveling and drive onto the curb alongside where they were walking. He immediately stopped the girls and engaged them in conversation, invited each to "pick a number," and offered to the girl whom he declared the winner a bottled drink as her prize.

In order to claim her prize, however, the girl, whom Appellant was now calling "Mommy," was required to walk up to Appellant's car window. There Appellant awaited, holding the bottle with his arm bent inward toward himself so that the girl would have to come right to his side to retrieve it. The girls were scared and nervous at this point, and they walked away.

When viewed in a light most favorable to the Commonwealth as verdict winner, the totality of circumstances allows for the reasonable inference that Appellant did not stop two random girls on their way to school to give them a drink and send them on their way. Appellant was, instead, attempting to entice at least one girl to come within his area of control as he waited in his car, and he used his apparent brand of charm and a bottled drink—kept closely to his side—as a lure to achieve this end.

Indeed, Appellant neither knew the girls nor had any reason to believe they were in need of assistance. Yet, he stopped them anyway. He immediately focused on one girl, declared her a winner, gave her the suggestive pet name "Mommy," and invited her to come to him where he sat in his car and claim her prize.

Therefore, it was reasonable for the finder of fact to conclude, beyond a reasonable doubt, that Appellant's affirmative actions, manipulative and suggestive words, and enticements were designed to gain the minor girl's entry into his car to her own detriment. Accordingly, evidence adduced at trial sufficed to establish that Appellant committed the offense of attempting to lure a child into his vehicle.[3]

Judgment of sentence affirmed.

---

[3] Although Appellant's "Statement of the Question Presented" also raises a sufficiency challenge to his disorderly conduct conviction, he presents no argument to support this claim. Therefore, he has waived this claim. *See* Pa.R.A.P. 2119(c); *Commonwealth v. Plante*, 914 A.2d 916 (Pa.Super. 2006) (failure to develop an argument with citation to authority waives the issue on review).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2018